# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
RABIH ALI
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 09-20280-03

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 27 years old and came to this country in 2000 from Lebanon. He became a naturalized citizen in 2001. He is married and lives with his wife and three children in Dearborn, Michigan.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 15, 2010 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is unemployed and has no assets and no liabilities. He and his three children are supported by his wife. The home that he lives in is in his wife's name. Defendant claims that he is unable to work and is under a doctor's care due to injuries to his back and neck and a dislocated shoulder following an automobile accident in August 2008. Prior to that auto accident, he worked for three years as a cook. He has retained counsel.

Defendant's criminal history is troubling in that it includes an arrest on 2/12/2006 in Dearborn for Felony Carrying a Concealed Weapon. Defendant failed to appear for his arraignment on that case on 3/24/06 and his bond was forfeited. A warrant issued for his arrest. On 4/11/06 Defendant was arraigned on the warrant and was held without bond. On 6/13/06 Defendant pled guilty to a lesser offense and was sentenced to one year probation and costs and fines. While on probation Defendant failed to submit to a drug test on 6/21/06, merely 8 days after his guilty plea was accepted, and a warrant for probation violation was signed on 7/10/06. Defendant, while on probation, refused to submit to a drug test, and exhibited intimidating and threatening behavior towards several employees at his probation office. On 8/2/06 he was arraigned on the probation violation. At that time he was released on a $5000/10% cash bond. On 8/31/06 Defendant was re-sentenced and his probation was continued and extended until 8/31/07.

While on probation for that case, Defendant was engaged in the alleged conduct which gave rise to the instant indictment.

The instant case alleges Conspiracy to Commit Arson. Defendant is alleged to have participated in a scheme whereby on December 12, 2006, while he was on probation for the state case, Defendant signed a rental contract with his co-defendant (who is alleged to have purchased the property for specifically for the purpose of burning it and collecting insurance proceeds) and then on December 15, 2006 Defendant purchased insurance for the contents of the building. The building burned to the ground on December 20, 2006.

On the same day the building burned, December 20, 2006, Defendant Ali signed an agreement for Claims Inc. to represent him in the process of collecting his money from the insurance company as a result of the fire. On January 22, 2007, while still on probation, Defendant Ali signed a Proof of Loss Claim with the insurance company requesting $50,000.00. On February 23, 2007, while still on probation, Defendant Ali submitted a revised Proof of Loss Claim with the insurance company, as the first claim failed to establish the value of the items he claimed were lost in the fire. In his revised claim, Defendant Ali lowered his asking price to $20,766.50.

Defendant is asking for a bond. This Court has grave concerns about this Defendant's ability to comply with any conditions of bond which this Court might set based upon Defendant's previous behaviors during his contacts with law enforcement in the past. In 2006 he failed to appear for his arraignment and bond was forfeited. Then a warrant was issued and he was arraigned and held without bond. After pleading guilty, he was placed on probation. He violated his probation, refused to submit to a drug test, and exhibited intimidating and threatening behavior towards the employees at the probation department. A warrant was issued for probation violation. When he

was arraigned on the probation violation, he was released on a surety cash bond and re-sentence and his probationary period was extended. As stated above, the activities alleged in the instant indictment occurred while Defendant was under supervision at the state level.

To say the least, Defendant did not conduct himself well while under supervision and this Court has only this prior model of behavior with which to assess whether Defendant would be an appropriate candidate for bond in the instant case. Based upon Defendant's past failure to appear, his violation of his probation, his failure to comply with conditions of supervision, and his threatening conduct towards the employees in the supervising probation office, all resulting in warrants being issued, this Court believes that Defendant poses a danger and this Court has no confidence whatsoever that this Defendant would comply with any conditions of bond that might be set.

Furthermore, this defendant poses a flight risk due to the fact that he has no employment, no assets, and no responsibility for the support of his wife and children. He does have family ties here, but these ties are outweighed by the propensity of Defendant's failure to appear or abide by orders of this Court.

There is no condition or combination of conditions that would reasonably assure Defendant's appearance or the safety of the community. Therefore, Detention is Ordered.